# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2736-18T4

C.C.,

     Appellant,

v.

DIVISION OF MENTAL HEALTH
AND ADDICTION SERVICES,

     Respondent.

_____

Submitted January 8, 2020 – Decided January 28, 2020

Before Judges Haas and Mayer.

On appeal from the New Jersey Department of Human Services, Division of Mental Health and Addiction Services.

C.C., appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Tanjika Nicole Williams-Parks, Deputy Attorney General, on the brief).

PER CURIAM

C.C.[1] appeals a final decision issued by the Medical Director of Trenton Psychiatric Hospital (TPH) authorizing administration of psychotropic medication without her consent. We affirm.

C.C. was involuntarily committed to the care of TPH after being diagnosed with schizophrenia. On January 30, 2019, Dr. Mohammad Bari, C.C.'s prescribing psychiatrist, completed an Involuntary Medication Administration Report (IMAR), recommending involuntary administration of Geodon® and Ativan® to treat C.C.'s schizophrenia. He reported C.C. was "refusing medication intermittently. She [was] delusional, hostile and ha[d] been threatening staff [and] accusing [them of] rape." According to the IMAR, C.C. also threatened to shoot TPH staff. Although C.C. was counseled regarding the benefits associated with the medications, Dr. Bari reported she was not receptive to such treatment. While C.C. responded positively on Geodon®, she subsequently refused to take that medication, claiming she was "highly allergic," and the forced administration of Geodon® made "[her] feel like [she was] dying."

In accordance with protocols developed by the State Department of Health, Division of Mental Health and Addiction Services (DMHAS), TPH's Medical Director signed the IMAR and scheduled a panel review hearing. A

---

[1] We use initials to protect appellant's privacy. R. 1:38-3(f)(2).

A-2736-18T4

copy of the IMAR was hand-delivered to C.C. on February 1, 2019. A hearing before a panel of three non-treating medical professionals was held on February 5, 2019. C.C. received notice of the hearing, and a Client Services Advocate was appointed to assist her through the process.

At the panel hearing, TPH presented testimony from C.C.'s prescribing doctor who stated C.C. "expressed delusions she [was] being raped by staff and patients causing her to accuse and threaten others. This cause[d] her to endanger herself (by becoming a target for attack) and others." Without the medication, the prescriber testified C.C. would likely cause serious harm to herself and others.

C.C. testified at the hearing. She claimed she didn't "need any medication but in order to comply and get out of [TPH she would] take Abilify or [Z]yprexa." According to C.C., "Clozaril and Geodon cause[d her] to have side effects of dizziness and pal[l]or and cause[d her] to stay sedated all day."

The panel approved the involuntary administration of medication, concluding C.C. "achieved a higher level of care (due to improved behavioral control)" "[w]hen compliant with medication." The panel found sufficient evidence to medicate C.C. without her consent "to target symptoms causing her to endanger herself and others," authorized alternative treatment with Abilify®

A-2736-18T4

or Zyprexa®, and ordered monitoring for any side effects associated with Geodon®.

At the conclusion of the hearing, C.C. received the panel's decision. C.C. timely appealed the panel's determination to TPH's Medical Director. The Medical Director conducted a review and upheld the panel's February 5, 2019 decision, finding "[t]he recommended treatment is within the standard of care."

In accordance with the February 5, 2019 decision, involuntary treatment of C.C. was authorized for ninety days with periodic reviews every fourteen days. During the periodic reviews of C.C.'s treatment progress, TPH staff reported C.C. continued to refuse consent to medication and took the medication intermittently. TPH staff and the Client Services Advocate assigned to C.C. reported she remained delusional, paranoid, accusatory, and threatening. The Client Service Advocate certified the administration of C.C.'s involuntary medication complied with DMHAS policy.

C.C. filed an appeal February 27, 2019. On appeal, C.C. argues she does not have any mental illness requiring her to be medicated. She also contends she is not a danger to herself or others.

Our scope of review of an administrative agency's final determination is limited. In re Herrmann, 192 N.J. 19, 27 (2007). "[A] 'strong presumption of

reasonableness attaches'" to the agency's decision. In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (quoting In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993)). We will "not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008). The appellant bears the burden to demonstrate grounds for reversal. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002).

Applying this standard, we conclude TPH's decision to involuntarily medicate C.C. was not arbitrary, capricious, or unreasonable. The decision by TPH's Medical Director is supported by sufficient credible and unrefuted evidence. In addition, TPH followed the DMHAS involuntary medication policies and procedures.[2] The decision was based on the judgment of

---

[2] The polices and procedures are contained in the agency's administrative bulletins AB 5:04 (addressing informed consent), AB 5:04A (addressing the emergency administration of psychotropic medications without consent); and AB 5:04B (addressing the non-emergent administration of psychotropic medications without consent). See State of N.J. Dep't of Human Servs., Div. of Mental Health & Addiction Servs. Admin. Bulletins 5:04, 5:04A, 5:04B (June 4, 2012) https://www.state.nj.us/humanservices/dmhas/regulations/bulletins.

independent clinicians following a hearing and subsequent administrative appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2736-18T4